**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**EDDIE A. POINDEXTER**                                                                 **PETITIONER**
**ADC #121353**

**v.**                                        **Case No. 4:24-cv-00242-KGB**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                        **RESPONDENT**

## <u>ORDER</u>

Before the Court are the Findings and Recommendation ("Recommendation") of United States Magistrate Judge Patricia S. Harris (Dkt. No. 38).  After receiving the Recommendation, Petitioner Eddie A. Poindexter filed several notices (Dkt. Nos. 39–40; 42; 44–48; 51; 53–56), an amended complaint a supplemental pleading pursuant to Federal Rules of Civil Procedure 15 which the Court will treat as a motion to amend petition (hereinafter "motion to amend petition") (Dkt. No. 41), and affidavits (Dkt. Nos. 49; 50).  After review of the Recommendation, the notices, Poindexter's motion to amend petition, and after a *de novo* review of the record, the Court adopts the Recommendation (Dkt. No. 38).

The Court writes to address Poindexter's notices, his affidavit, and his motion to amend petition (Dkt. Nos. 39–49).  Poindexter is in ADC custody after entering guilty pleas in Washington County, Arkansas, Circuit Court to rape, aggravated robbery, residential burglary, kidnapping, and theft.  *State v. Poindexter*, Washington County Circuit Court, Case No. *75*CR-05-1010A (Mar. 7, 2006).  In his amended petition, Poindexter claims, among other things, violations of human rights, ineffective assistance of counsel, miscarriages of justice, and that he did not receive credit for time served in custody (Dkt. No. 3, at 1–2, 7; 13).  In a notice filed May 12, 2025, Poindexter provides a copy of a motion for credit for time spent in custody that Poindexter states that he intends to file

in state court (Dkt. No. 39). In a notice filed May 19, 2025, Poindexter states that he has finished his "amended complaint" and that it is being typed at the law library (Dkt. No. 40). Poindexter's affidavit pertains to matters unrelated to his amended petition (Dkt. No. 49).

On May 23, 2025, the Court received and filed Poindexter's motion to amend petition (Dkt. No. 41). In the filing, Poindexter contends that he can amend his pleading once as a matter of course, and he asserts that Respondent Dexter Payne is denying him 129 days of jail credit for time he served in custody in Washington County Detention Center (*Id.*).[1]

None of the allegations raised by Poindexter in his notices, motion to amend petition, or affidavit that he filed with the Court after receiving the Recommendation cure the problem identified by Judge Harris in the Recommendation. Poindexter has brought a second or successive habeas petition without the requisite permission from the Eighth Circuit Court of Appeals (Dkt. No. 38). Accordingly, the Court adopts the Recommendation (*Id.*). The Court grants Payne's motion to dismiss and dismisses without prejudice Poindexter's petition, and amended petition, for writ of *habeas corpus* pending an order from the Eighth Circuit Court of Appeals containing authorization for filing (Dkt. Nos. 2; 3; 33). The Court denies as moot Poindexter's motion to amend petition for writ of habeas corpus (Dkt. No. 41). The Court grants Poindexter's motion for status update asking if the Court received his motion to amend complaint (Dkt. No. 43). This Order will update Poindexter letting him know that the Court received his motion to amend petition (Dkt. No. 41). The Clerk of the Court is directed to send Poindexter a copy of the docket sheet.

---

[1] Federal Rule of Civil Procedure 15(a)(1)(B) provides that, if the pleading is one to which a responsive pleading is required, a party may amend once "as a matter of course" no later than "21 days after service of a response." On April 15, 2025, Payne filed his response to the amended petition by filing a motion to dismiss (Dkt. No. 33). Poindexter did not file his motion to amend his petition until May 23, 2025, more than 21 days after Payne filed his response to the amended petition. The amended petition was filed outside of the time for filing an amendment "as a matter of course" under Federal Rule of Civil Procedure 15.

The Court declines to issue a certificate of appealability. Poindexter may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

It is so ordered the 12th day of March, 2026.

Kristine G. Baker
Chief United States District Court Judge